**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| JOHN A. GREIN and | ) | Bankruptcy Case No. |
| ANGELA GREIN, | ) | 07-12568-SBB |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| Last four digits of SS#: 7489 and 4896 | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court on June 22, 2010[1] for a non-evidentiary hearing regarding the Chapter 7 Trustee's Motion to Compel Turnover filed on March 25, 2010,[2] and Debtors' Objection thereto, which was filed on April 7, 2010.[3] The Court, having reviewed the relevant documents, heard the arguments of counsel, and reviewed the within case file, makes the following findings of fact and conclusions of law, and enters the following Order.

**I.   ISSUES PRESENTED**

The issues before the Court are as follows:

1.  Whether the assets belonging to a debtor at the commencement of a bankruptcy case and the proceeds generated from the disposition of those assets during a Chapter 13 case are considered property of a Chapter 7 estate when the Chapter 13 case is converted to a Chapter 7 case; and

2.  Whether a debtor who disposes of property of the estate during a Chapter 13 case must surrender the value of that property of the estate to a Chapter 7 Trustee when the Chapter 13 case is converted to a Chapter 7 case.

**II.   PROCEDURAL BACKGROUND**

The following facts are not disputed.  On March 21, 2007, John A. Grein and Angela

---

[1] The Minutes of Proceeding for the June 22, 2010 non-evidentiary hearing are located at Docket No. 112.

[2] Docket No. 106.

[3] Docket No. 108.

Grein ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[4] Thereafter, on July 19, 2007, the Debtors agreed to surrender to the Chapter 7 Trustee the sum of $4,217.71 so that the Chapter 7 Trustee could make payments to the Debtors' unsecured creditors.[5] The $4,217.71 represented the non-exempt portion of the accounts receivable of a business owned by one of the Debtors and the non-exempt equity in one of the Debtors' automobiles.

The Debtors never surrendered the $4,217.71 to the Chapter 7 Trustee because on September 10, 2007, the Debtors voluntarily converted their Chapter 7 case to a Chapter 13 case.[6] While the Chapter 13 case was pending, the Debtors sold the automobile and disposed of the accounts receivable in order to generate additional revenues and pay certain expenses. Nevertheless, in accordance with their confirmed Chapter 13 plan, the Debtors made payments in the amount of $16,025.02 to their unsecured creditors.[7] Unfortunately, the Debtors failed to make at least three payments outside of the Chapter 13 plan to the lending institution that possessed a mortgage on the Debtors' home. Consequently, the lending institution filed a Motion for Relief from Automatic Stay on May 6, 2009 in order to commence foreclosure proceedings against the home.[8] On June 2, 2009, this Court granted the lending institution's Motion for Relief from Automatic Stay after no objections to the motion were filed.[9]

On November 6, 2009, the Debtors voluntarily reconverted their Chapter 13 case to a Chapter 7 case after experiencing a change in their financial and personal circumstances.[10] Nearly four months later, on March 4, 2010, this Court granted the Debtors a discharge pursuant to 11 U.S.C. § 727.[11] However, on March 25, 2010, the Chapter 7 Trustee filed a Motion to Compel Turnover.[12] In his motion, the Chapter 7 Trustee specifically demands that the Debtors surrender the sum of $4,217.71, which is the same amount the Debtors agreed to surrender on July 19, 2007 after they filed their original Chapter 7 case and

---

[4] Docket No. 1.

[5] The Debtors' agreement to surrender $4,217.71 was the basis of the Stipulation to Pay to Trustee, which is located at Docket No. 30.

[6] Docket No. 40.

[7] Exhibit A attached to the Debtors' Objection to Trustee's Motion to Compel Turnover located at Docket No. 108.

[8] Docket No. 78.

[9] Docket No. 81.

[10] Docket No. 96.

[11] Docket No. 100.

[12] Docket No. 106.

represents the non-exempt portion of the accounts receivable of a business owned by one of the Debtors and the non-exempt equity in one of the Debtors' automobiles.[13] In response to the Chapter 7 Trustee's Motion to Compel Turnover, the Debtors filed an Objection on April 7, 2010.[14]

### III. PROPERTY OF THE ESTATE

#### A. BACKGROUND

Under the Bankruptcy Code, a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case.[15] In addition, a bankruptcy estate is comprised of any proceeds generated from the disposition of any property of the estate.[16] With respect to a Chapter 13 case, a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case and any property acquired after the commencement of the bankruptcy case.[17] In order to ensure that property acquired after the commencement of a Chapter 13 case is not included in property of a Chapter 7 estate when the Chapter 13 case is converted to a Chapter 7 case, 11 U.S.C. § 348(f)(1)(A) provides that "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion."

#### B. CHAPTER 7 TRUSTEE'S AND DEBTORS' ARGUMENTS

The Chapter 7 Trustee's argument in his Motion to Compel Turnover is simple and direct: "[p]ursuant to 11 U.S.C. § 521(a)(4), the Debtor is required to surrender to the Trustee all property of the estate." And, at the commencement of the bankruptcy case, the value of the non-exempt portion of the property of the estate totaled $4,217.71.

Relying on 11 U.S.C. § 348(f)(1)(A), the Debtors argue that the non-exempt portions of their accounts receivable and the equity in their automobile, the sources of the $4,217.71 that the Chapter 7 Trustee seeks, are not property of the Chapter 7 estate because the Debtors did not possess these assets on the date the Chapter 13 case was reconverted to a

---

[13] Although the Chapter 7 Trustee cites 11 U.S.C. § 521(a)(4) as the operative provision under which he is proceeding, the Court presumes he is invoking 11 U.S.C. § 542 as the vehicle by which he seeks this relief.

[14] Docket No. 108.

[15] 11 U.S.C. § 541(a)(1) (2010).

[16] 11 U.S.C. § 541(a)(6) (2010).

[17] 11 U.S.C. § 1306(a)(1) (2010).

Chapter 7 case.[18] However, as discussed below, the facts in the Debtors' bankruptcy case support the conclusion that the non-exempt portions of their accounts receivable and the equity in their automobile do, in fact, constitute property of the Chapter 7 estate.

### C. PROPERTY OF THE ESTATE UPON CONVERSION UNDER 11 U.S.C. § 348(f)(1)(A)

When a Chapter 13 case is converted to a Chapter 7 case, a court must determine which assets belonging to the debtor must be considered property of the Chapter 7 estate. Accordingly, a court will seek to apply the provisions of 11 U.S.C. § 348(f) to the facts of the case.[19] However, in some instances, literal application of these provisions leads to an absurdity and is contrary to congressional intent. In order to avoid an absurd result, a court must differentiate between property acquired prior to the commencement of a bankruptcy case and property acquired after the commencement of a bankruptcy case.[20]

This Court finds three cases addressing what constitutes property of the estate when a Chapter 13 case is converted to a Chapter 7 case to be persuasive. In *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*,[21] the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. However, nearly six months later, the Chapter 13 case was converted to a Chapter 7 case. While the Chapter 13 petition was pending, the debtor sold certain assets of a company he owned for the sum of $247,500. Presumably, the debtor owned these assets at the time the Chapter 13 petition was filed. Subsequently, an unsecured creditor sought denial of the debtor's discharge because it believed that the proceeds generated from the aforementioned sale were transferred to third parties with the intent to hinder, delay, or defraud the unsecured creditor.

Relying on 11 U.S.C. § 348(f)(1)(A), the debtor argued that the proceeds from the sale in question were not property of the Chapter 7 estate because the proceeds were no longer in the possession of or under the control of the debtor on the date that his Chapter 13 case

---

[18] Docket No. 108.

[19] 11 U.S.C. § 348(f)(1)(A) provides "when a case under chapter 13 of this title is converted to a case under another chapter under this title[:] property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion. . ." Further, 11 U.S.C. § 348(f)(2) provides "[i]f the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of property of the estate as of the date of conversion."

[20] It must be noted that there are no allegations by the Chapter 7 Trustee and there is no evidence whatsoever that the Debtors here converted their bankruptcy case from Chapter 13 to Chapter 7 in bad faith and, thus, paragraph (2) of 11 U.S.C. § 348(f) does not come into play.

[21] 426 B.R. 52 (E.D.N.Y. 2010).

was converted to a Chapter 7 case.[22] However, the court held that applying 11 U.S.C. § 348(f)(1)(A) to prevent a creditor from objecting to a debtor's discharge based upon a post-petition, pre-conversion transfer of property would lead to an absurd result that allows a debtor to hinder his/her creditors by transferring or otherwise disposing of assets prior to the conversion without any consequence.[23] The court reasoned that a debtor who transfers or disposes of property that would otherwise have been available to creditors during a Chapter 13 case should not be allowed to escape the consequence of a denial of discharge simply because the bankruptcy case has been converted to a Chapter 7 case. The court noted that such a result would be absurd and contrary to the overriding bankruptcy policy of providing discharge relief only to honest, but unfortunate debtors.[24] Accordingly, the court held that the proceeds from the aforementioned sale were property of the Chapter 7 estate.[25]

Moreover, the court noted that 11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. Accordingly, the court held that the assets the debtor sold were property of the Chapter 7 estate because the debtor had a direct interest in those assets as of the commencement of the Chapter 13 case.[26] The court also held that the proceeds generated from the sale of those assets were property of the Chapter 7 estate because 11 U.S.C. § 541(a)(6) provides that a bankruptcy estate is comprised of proceeds generated from the disposition of property of the estate.[27]

Similarly, in *Bogdanov v. Laflamme (In re Laflamme)*,[28] the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. However, more than four months later, the bankruptcy court converted the Chapter 13 case to a Chapter 7 case. Thereafter, the Chapter 7 Trustee commenced an adversary proceeding against the debtor in order to recover commissions received by the debtor on account of her former employment as a real estate broker. The Chapter 7 Trustee argued that the real estate commissions were property of the estate and subject to turnover under 11 U.S.C. §§ 541 and 542. In response, the debtor argued that under 11 U.S.C. § 348(f)(1)(A) the real estate commissions were no longer property of the estate on the date her Chapter 13 case was converted to a Chapter 7

---

[22] *Id.* at 62.

[23] *Id.* at 65.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 62.

[27] *Id.*

[28] 397 B.R. 194 (Bankr. D.N.H. 2008).

case because she was allowed to use the real estate commissions during the administration of her Chapter 13 case and the real estate commissions were not in her possession on the date of the conversion.[29]

Under 11 U.S.C. 1306(a), any property acquired after the filing of a Chapter 13 petition becomes property of the estate. The court observed that Congress enacted 11 U.S.C. § 348(f) because Congress did not want courts to include in post-conversion Chapter 7 estates the property acquired by the debtor, pursuant to 11 U.S.C. 1306(a), during the pre-conversion Chapter 13 case. Apparently, Congress was concerned that a contrary rule would dissuade debtors and create a disincentive to filing a Chapter 13 case because debtors would fear that property acquired after filing could be lost if the bankruptcy case were converted to a Chapter 7 case.[30] The court noted that the real estate commissions in question were earned prior to, and not after, the filing of the Chapter 13 case; thus, the commissions were property of the estate at the commencement of the Chapter 13 case because 11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case.[31] Accordingly, the court held that the real estate commissions were property of the Chapter 7 estate when the Chapter 13 case was converted to the Chapter 7 case under 11 U.S.C. § 348(f)(1)(A).[32]

Similarly, in *Wyss v. Fobber (In re Fobber)*,[33] the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Approximately nine months later, the Chapter 7 case was converted to a Chapter 13 case. However, prior to the confirmation of the Chapter 13 plan, the Chapter 13 case was reconverted to a Chapter 7 case. During the Chapter 13 phase of the bankruptcy case, the debtors sold a tractor for the sum of $35,000. Presumably, the debtors owned the tractor prior to the commencement of the original Chapter 7 case. Consequently, the Chapter 7 Trustee commenced an adversary proceeding against the debtors in order to revoke the debtors' discharge pursuant to 11 U.S.C. § 727(d)(2).

Relying on 11 U.S.C. § 348(f)(1)(A), the debtors argued that the tractor and its proceeds were not property of the Chapter 7 estate because neither the tractor nor the proceeds were in the debtors' possession at the time the Chapter 13 case was reconverted

---

[29] *Id.* at 196-97.

[30] *Id.* at 201.

[31] *Id.* at 202.

[32] *Id.* at 203.

[33] 256 B.R. 268 (Bankr. E.D. Tenn. 2000).

to the Chapter 7 case.[34] Accordingly, the debtors argued that the Chapter 7 Trustee had no claim to the tractor or its proceeds and therefore had no standing to challenge the debtors' discharge. However, the court held that literal application of 11 U.S.C. § 348(f)(1)(A) to the facts of the case would lead to an absurd result that would give debtors carte blanche to commit fraud.[35] Based on the debtors' argument, the court noted that a Chapter 7 debtor who does not want to surrender an asset which is property of the estate can convert his/her bankruptcy case to Chapter 13 long enough to dispose of the asset, and then reconvert the bankruptcy case to Chapter 7 and obtain a discharge with impunity. Consequently, the court continued to note, the very act which generally would form the basis for the denial or revocation of discharge (disposition of property of the estate) would insulate a debtor from liability.[36]

The court also noted that under 11 U.S.C. § 1306(a) any property acquired after the filing of a Chapter 13 petition becomes property of the estate. However, the court observed that Congress enacted 11 U.S.C. § 348(f)(1)(A) in order to avoid penalizing debtors who file Chapter 13 petitions and subsequently file Chapter 7 petitions by placing them in the same economic position they would have occupied if they had originally filed Chapter 7 petitions. In other words, the court observed that 11 U.S.C. § 348(f)(1)(A) is designed to mitigate the effect of 11 U.S.C. § 1306(a) when a Chapter 13 case is converted to a Chapter 7 case by excluding from property of the Chapter 7 estate any property brought into the Chapter 13 estate under 11 U.S.C. § 1306(a)(1).[37] Ultimately, the court held that the proceeds generated from the sale of the tractor became property of the Chapter 7 estate not because of 11 U.S.C. § 1306(a) and its expanded definition of property of the estate but because 11 U.S.C. § 541(a)(6) provides that a bankruptcy estate is comprised of proceeds from property held by a debtor at the commencement of the bankruptcy case.[38]

### D. THE NON-EXEMPT PORTIONS OF THE DEBTORS' ACCOUNTS RECEIVABLE AND THE EQUITY IN THE DEBTORS' AUTOMOBILE ARE PROPERTY OF THE CHAPTER 7 ESTATE

In the present case, the Debtors listed the accounts receivable and the automobile on their Schedule B when they filed their original Chapter 7 petition.[39] Accordingly, the Debtors, similar to the debtors in *Pisculli*, *Laflamme*, and *Fobber*, had a legal interest in

---

[34] *Id.* at 276.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 277-78.

[38] *Id.* at 278.

[39] Docket No. 17.

the accounts receivable and the automobile as of the commencement of the original Chapter 7 case. Under 11 U.S.C. § 541(a)(1), this legal interest is enough to establish that the accounts receivable and the automobile were property of the original Chapter 7 estate. Once the original Chapter 7 case was converted to a Chapter 13 case, the accounts receivable and the automobile became property of the Chapter 13 estate because under 11 U.S.C. § 1306(a) property of a Chapter 13 estate includes property of the estate specified under 11 U.S.C. § 541.

Once the Chapter 13 case was reconverted to a Chapter 7 case, similar to the assets in question in *Pisculli*, *Laflamme*, and *Fobber*, the accounts receivable became property of the Chapter 7 estate because 11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case (in this case, the commencement of the original Chapter 7 case). Moreover, similar to the proceeds in question in *Pisculli* and *Fobber*, the non-exempt proceeds generated from the sale of the automobile became property of the reconverted Chapter 7 estate because 11 U.S.C. § 541(a)(6) provides that a bankruptcy estate is comprised of proceeds from property held by a debtor at the commencement of the bankruptcy case (in this case, the commencement of the original Chapter 7 case).

Further, even though the Debtors, similar to the debtors in *Pisculli*, *Laflamme*, and *Fobber*, did not possess nor control the accounts receivable, the automobile, or the proceeds from the sale of the automobile at the time of reconversion, these assets are property of the reconverted Chapter 7 estate because literal application of 11 U.S.C. § 348(f)(1)(A) would produce absurd results and permit debtors to engage in carte blanche fraud.

For the aforementioned reasons, the non-exempt portions of the Debtors' accounts receivable and the equity in the Debtors' automobile constitute property of the reconverted Chapter 7 estate.

## IV. TURNOVER OF PROPERTY IN A CONVERTED CASE

### A. CHAPTER 7 TRUSTEE'S ARGUMENTS

In his motion, the Chapter 7 Trustee argues that the non-exempt portions of the Debtors' accounts receivable and the equity in the Debtors' automobile are property of the Chapter 7 estate. Accordingly, the Chapter 7 Trustee argues that the Debtors are statutorily required to surrender the value of these assets ($4,217.71) to the Chapter 7 Trustee.[40] However, as discussed below, the facts in the Debtors' bankruptcy case support the conclusion that the value of the non-exempt portions of the Debtors' accounts receivable and the equity in the Debtors' automobile does not, in fact, have to be surrendered to the Chapter 7 Trustee.

---

[40] Docket No. 106.

8

### B. EXCEPTIONS TO REQUIREMENT THAT PROPERTY OF THE ESTATE MUST BE SURRENDERED TO THE TRUSTEE

Under the Bankruptcy Code, a debtor must surrender all property of the estate to the Trustee if the Trustee is administering the bankruptcy case.[41] Further, "any entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property. . ."[42] As mentioned previously, when a Chapter 13 case is converted to a Chapter 7 case, a court must determine which assets belonging to the debtor must be considered property of the estate. Thereafter, any assets deemed to be property of the Chapter 7 estate must be surrendered to the Chapter 7 Trustee. However, when a Chapter 13 case is converted to a Chapter 7 case, courts have held that property of the estate does not need to be surrendered to the Chapter 7 Trustee if (1) unsecured creditors received in the Chapter 13 case as much as they would have received if the Chapter 13 case had been a Chapter 7 case from the outset; or (2) the debtor used property of the estate for ordinary and necessary living expenses provided that said use was not in bad faith.[43]

This Court finds the aforementioned exceptions to the requirement that property of the estate must be surrendered to be persuasive. In the case of *In re Sparks*, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Nearly eight months later, the bankruptcy court entered an order confirming the debtor's Chapter 13 plan. However, shortly thereafter, the Chapter 13 case was converted to a Chapter 7 case. While the Chapter 13 case was pending, the debtor made payments in the approximate amount of $4,000 to his unsecured creditors in accordance with his Chapter 13 plan.[44] After conversion, the debtor sought to exempt $4,000 of equity in his automobile from property of the estate. However, the Chapter 7 Trustee filed an objection to the debtor's claim of exemption and filed a motion to compel turnover of the automobile.[45]

The debtor sought a denial of the motion to compel turnover of the automobile because during the pendency of the Chapter 13 case the debtor's unsecured creditors received as much as they would have received if the debtor had simply filed a Chapter 7 petition on the date of the commencement of the bankruptcy case and had the Chapter 7

---

[41] 11 U.S.C. § 521(a)(4) (2010).

[42] 11 U.S.C. § 542(a) (2010).

[43] *See Bogdanov v. Laflamme*, 397 B.R. 194 (Bankr. D.N.H. 2008); *In re Sparks*, 379 B.R. 178 (Bankr. M.D. Fla. 2006).

[44] *In re Sparks*, 379 B.R. at 179.

[45] *Id.*

Trustee liquidated the debtor's non-exempt assets.[46] Ultimately, the bankruptcy court agreed with the debtor's position and denied the Chapter 7 Trustee's motion to compel turnover of the automobile.[47] In justifying its holding, the court reasoned that all payments during the Chapter 13 case went to the debtor's unsecured creditors, and the unsecured creditors received what they would have received if the bankruptcy case had been filed as a Chapter 7 case from the outset.[48]

As mentioned earlier, in *Laflamme*, the Chapter 7 Trustee commenced an adversary proceeding against the debtor, whose Chapter 13 case was converted to a Chapter 7 case, in order to recover commissions received by the debtor on account of her former employment as a real estate broker.[49] After holding that the real estate commissions were property of the estate pursuant to 11 U.S.C. § 541(a)(1), the bankruptcy court considered whether the real estate commissions had to be surrendered to the Chapter 7 Trustee.[50]

The bankruptcy court noted that 11 U.S.C. § 1303 vests a Chapter 13 debtor with the exclusive right to use and control all property of the estate.[51] The bankruptcy court also noted that 11 U.S.C. § 1306(b) requires a Chapter 13 debtor to remain in possession of all property of the estate.[52] Accordingly, the court held that a Chapter 13 debtor is entitled to use property of the estate in the ordinary course of his/her affairs.[53] Moreover, the court held that 11 U.S.C. §§ 1303 and 1306(b) provide a Chapter 13 debtor with the implicit right to use any property of the estate for ordinary and necessary living expenses provided that such use is not in bad faith.[54] The court chose not to define ordinary and necessary living expenses, but it did stress that the expenses must be reasonable and will usually include the payment of bills and rent.[55] Ultimately, the court held that the real estate commissions had to be surrendered to the Chapter 7 Trustee with the exception of that portion of the

---

[46] *Id.* at 180.

[47] *Id.* at 182.

[48] *Id.*

[49] *Laflamme*, 397 B.R. at 196.

[50] *Id.* at 203-04.

[51] *Id.* at 204.

[52] *Id.*

[53] *Id.* at 205.

[54] *Id.*

[55] *Id.* at 206.

commissions that was used to pay ordinary and necessary living expenses during the post-petition, pre-conversion period.[56]

### C. THE VALUE OF THE NON-EXEMPT PORTIONS OF THE DEBTORS' ACCOUNTS RECEIVABLE AND THE EQUITY IN THE DEBTORS' AUTOMOBILE DOES NOT HAVE TO BE SURRENDERED TO THE CHAPTER 7 TRUSTEE

In the present case, while the Chapter 13 case was pending, the Debtors, similar to the debtor in the case of *In re Sparks*, made payments in the amount of $16,025.02 to their unsecured creditors in accordance with their Chapter 13 plan.[57] This amount exceeds the $4,217.71 that the Debtors originally agreed to surrender to the Chapter 7 Trustee so that the Chapter 7 Trustee could make payments to the Debtors' unsecured creditors. The $4,217.71 is the amount that was to have been paid to the Debtors' unsecured creditors had the Debtors not converted their original Chapter 7 case to a Chapter 13 case. This Court finds the reasoning applied in the case of *In re Sparks* to be persuasive; therefore, the Debtors do not have to surrender the value of the non-exempt portions of their accounts receivable and the equity in their automobile to the Chapter 7 Trustee because the Debtors' unsecured creditors have already received more, a great deal more, than they would have received had the Debtors never converted their original Chapter 7 case to a Chapter 13 case.

This Court notes that in their Objection to the Chapter 7 Trustee's Motion to Compel Turnover, the Debtors assert that the accounts receivable were disposed of in order to make payments toward the Debtors' ordinary expenses, including payments under the Chapter 13 plan.[58] In their Objection, the Debtors also assert that the automobile was sold; however, it is unclear how the Debtors utilized the proceeds generated from the sale of the automobile.[59] While this Court finds the reasoning applied in *Laflamme* to be persuasive, it cannot hold that the Debtors used the accounts receivable and the proceeds from the sale of the automobile to meet ordinary and necessary living expenses, and that any such use was not in bad faith, without holding an evidentiary hearing. Nevertheless, an evidentiary hearing is not necessary since the Debtors do not have to surrender the value of the non-exempt portions of their accounts receivable and the equity in their automobile to the Chapter 7 Trustee because the unsecured creditors have already received more than they would have received had the Debtors never converted their original Chapter 7 case to a Chapter 13 case.

---

[56] *Id.*

[57] Exhibit A attached to the Debtors' Objection to Trustee's Motion to Compel Turnover located at Docket No. 108.

[58] Docket No. 108.

[59] *Id.*

11

For the aforementioned reasons, the value of the non-exempt portions of the Debtors' accounts receivable and the equity in the Debtors' automobile does not have to be surrendered to the Chapter 7 Trustee.

## V. **CONCLUSION**

IT IS THEREFORE ORDERED that the Chapter 7 Trustee's Motion to Compel Turnover is DENIED.

Dated this 9th day of August, 2010.

BY THE COURT:

_____

Sidney B. Brooks,
United States Bankruptcy Judge